## GEORGE RITTLE v. PLINN H. WOODWARD.

### (153 N. W. 951.)

**Verdict — evidence — sufficient to support.**

Evidence examined, and held sufficient to support the verdict, and errors assigned on admission of evidence, and instructions held not well taken.

Opinion filed June 14, 1915.

Appeal from the County Court of Increased Jurisdiction of Wells County, *Jansonius,* Judge.

Affirmed.

*T. F. McCue,* for appellant.

Where the verdict is contrary to law and the evidence, or where it is manifestly against justice, it is the duty of the court to set it aside. Smith v. Williams, 23 Iowa, 28.

Or that injustice will result therefrom. Jourdan v. Reed, 1 Iowa, 135; Willoughby v. Smith, 26 N. D. 209, 144 N. W. 79.

Hearsay evidence is wholly improper at any stage of the trial. State v. Murphy, 17 N. D. 48, 17 L.R.A.(N.S.) 609, 115 N. W. 84, 16 Ann. Cas. 1133; Johnston v. Spoonheim, 19 N. D. 191, 41 L.R.A.(N.S.) 1, 123 N. W. 830.

Where there is no measure of value of property or of damages, plaintiff cannot recover. Spicer v. Northern P. R. Co. 21 N. D. 61, 128 N. W. 302; 13 Cyc. 214, and cases cited.

The law requires a trial court to instruct on every material point in the case, and when instructions are misleading, prejudicial error is

31 N. D.—8.

presumed.   Chicago City R. Co. v. Rohe, 118 Ill. App. 322; Coates
v. Burlington, C. R. & N. R. Co. 82 Iowa, 498, 17 N. W. 760.

  *J. J. Youngblood,* for respondent.

  Where the evidence is conflicting, the findings of the jury settle
the matter.   Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W.
454.


  Goss, J.   Recovery is sought for a balance of wages claimed under
an express contract.   Numerous counterclaims are interposed.   One
is for damages arising from plaintiff's quitting before expiration of the
alleged employment period.   Plaintiff claims an employment by the
month, and denies prematurely terminating it.   Defendant admits a
liability for $60, which he tendered before suit, and which was refused.
Judgment was asked for $94.95, and the verdict returned was for $86.45.
The appeal is from both the judgment and the order denying a new trial.

  Error is assigned on the claim that the evidence is insufficient to
support recovery in that it preponderates in support of defendant's case.
Appellant's brief, however, admits that the evidence presented a square
conflict upon an issue of fact to the jury, and which found against him
by their verdict.   The testimony shows the issue to be one of credibility.
It is elementary that the verdict with substantial support in the testi-
mony is conclusive on issues of fact presented.

  He next urges error in allowing respondent's attorney to explain
how an exhibit, a farm laborer's lien statement received in evidence
on defendant's offer, contained erroneous dates and a less term of em-
ployment than plaintiff's testimony on trial tended to establish.   The
evidence objected to tended to show that plaintiff could not read or write
English, and that the dates mentioned in the statement were discovered
to be erroneous, caused through the mistake of his attorney preparing
it, and that defendant was so informed.   The evidence was admissible.

  Error is assigned upon the court's refusal to strike certain testimony
as to plaintiff's furnishing board to defendant's hired men, "for the
reason that the complaint pleads an agreed contract price and the
evidence shows that the price charged is a price fixed by plaintiff
and his wife."   The wife testified to telling defendant before furnishing
the board that 25 cents a meal would be charged, and that defendant
"thought it was high," but the board was taken thereafter.   This

is sufficient to establish an express contract. But it also appears that plaintiff's pleadings do not put this matter in issue. Defendant puts in a counterclaim for the difference between the 16⅔ cents per meal claimed by him to have been its reasonable worth, instead of 25 cents per meal collected, and attempts to recover that difference on 134 meals, or $11.17. Under the issues under the pleadings the burden is upon him, and not upon the plaintiff, to make said proof. The ruling was correct. What is said under this assignment also disposes of another, based upon refusal to instruct as requested, "that the plaintiff having alleged in his complaint an agreed price for boarding, he is required to prove such contract and cannot recover for 25 cents per meal, as there is no evidence to show the reasonable value of the board so furnished, and plaintiff cannot recover any sum under the evidence for the board he claims to have furnished." Plaintiff does not seek a recovery for board. The instruction was properly refused.

Another assignment is based upon a correction in the written instructions made by drawing a pen through the following portion thereof: "In this case you must in any event find for the plaintiff. The amount you find cannot exceed $94.95 and cannot be less than $60." The instruction obliterated would have been proper to have given the jury. They were instructed practically to the same effect elsewhere. One paragraph of defendant's answer pleads a tender and deposit of $60, and that the deposit has been kept good, and by reply plaintiff admits it. This prevented allowance of interest had the jury returned a verdict that only $60 was due at the termination of the employment; and in addition the costs of suit would be thrown by operation of law upon the plaintiff had the verdict been but $60. Manifestly there could be no possible error in giving the instruction. Its omission was not error against defendant. Taken as a whole the instructions are clear, accurate, and sufficient. All other errors specified are abandoned by no argument of them in the brief. Judgment is ordered affirmed.